## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | |
|---|---|
| JAMES J. JENKINS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. _____ |
| ) | |
| UNITED COLLECTION BUREAU, INC.; ) | |
| CHASE RECEIVABLES; ) | |
| ALLIED INTERSTATE, ) | |
| ) | |
| Defendants. ) | |

### COMPLAINT

The Claimant, James J. Jenkins ("Claimant" or "Jenkins") hereby states the following for his claims against Defendants United Collection Bureau, Inc. ("United"), Chase Receivables ("Chase"), and Allied Interstate ("Allied"):

### PARTIES, JURISDICTION AND VENUE

1. Jenkins is a resident and citizen of Tuscaloosa, Alabama.

2. Verizon Wireless, LLC ("Verizon") is not a Defendant in this action (for reasons discussed later), but is an integral party to the transactions in issue. Verizon is a limited liability company situated in a State other than Alabama.

3. United, Chase, and Allied are debt collection agencies which were acting as collection agents of Verizon with regard to the acts and omissions complained of in this Complaint.

1

4. (a) ***Jurisdiction and Venue of this Court.*** This Court has jurisdiction over this matter, in that claims arising under the laws of the United States are asserted herein, and in that this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), of all state-law claims.

(b) ***Arbitration Issues.*** The claims in this Complaint relate to an agreement between Jenkins and Verizon containing an arbitration provision, and specifying the American Arbitration Association as administrator of any such claims. Because that arbitration agreement extends to claims against Verizon, Jenkins commenced an arbitration against Verizon and the Defendants in June of 2009, and has not asserted claims against Verizon in this Court. However, because United, Chase, and Allied have not submitted to the jurisdiction of the AAA arbitrator, and because there is some question as to whether the claims against United, Chase and Allied fall within the scope of the agreement to arbitrate, Plaintiff has filed this action as a protective measure only, so as to ensure that some tribunal (whether judicial or arbitral) properly has jurisdiction over Jenkins' claims against the Defendants in this case.

## FACTS

5. Jenkins had a wireless telephone contract with Verizon. Following the term of the contract (beyond which no termination charges were owed), Jenkins elected to terminate the contract. In approximately January of 2008, he sent in his

monthly payment by check in the Verizon-enclosed envelope and statement stub, and included therein a written note demanding that the contract and the service be canceled immediately.

6. In February 2008, Jenkins received a bill from Verizon for monthly service, despite the cancelation request. Another bill was received the following month, in March. Jenkins called into Verizon at that time, and was assured that the cancelation had been processed, and that no money was owed.

7. Despite that assurance, Jenkins received another bill in April. Jenkins called into Verizon again and informed the representative that he had canceled the service several months before, and that the continued billing was in error, and that money was owed. The Verizon representative again confirmed that no money was owed. Jenkins then sent a letter to Verizon on May 2, 2008, confirming these conversations that no money was owed and that the account had been closed. A copy of that letter is attached as Exhibit 1 hereto.

8. On or about May 28, 2008, Jenkins received a phone call at his office from a Ms. Askus at United. She was very rude and informed Jenkins that money was owed on a Verizon account. Jenkins explained to her that there was a mistake; that Verizon had confirmed that no money was owed and that Verizon had confirmed the same. Jenkins requested that the collection calls cease immediately since the debt was not legitimate.

3

9. Nevertheless, Jenkins continued to receive numerous calls from United, both at home and at his office, attempting to collect on the Verizon account. Additionally, in early June of 2008, Jenkins received at his office a collection letter from United (attached as Exhibit 2 hereto) demanding payment on the debt.

10. After receiving additional calls and the letter, Jenkins again contacted United and demanded that the calls and letters stop and that the debt was not legitimate.

11. A few months later, Chase contacted Jenkins by letter (Exhibit 3 hereto) and demanded payment on the Verizon account. Jenkins responded in a letter from December 2, 2008 (Exhibit 4 hereto) explaining, again, that the debt was not legitimate and demanding that the contacts and collection efforts cease immediately. Nevertheless, Chase continued to contact Jenkins several more times after this, primarily by telephone at his home and office, and he repeatedly demanded that the calls cease, but to no avail.

12. In May of 2009, Jenkins received another letter and several calls from Allied, again purporting to collect on the Verizon account. Jenkins again demanded that the collection calls cease immediately and that the contacts were not legitimate. In response to the collection letters from Allied, Jenkins enclosed a handwritten note (Exhibit 5 hereto) which attached the December 4, 2008 letter to

4

Chase and other materials, and again explaining that the attempted collection was not legitimate.

13. Defendants have pervasively, repeatedly, and without justification attempted to collect an illegitimate debt from Jenkins. Additionally, Defendants have undertaken to besmirch and defame Jenkins' credit standing and reputation by deliberately reporting false information concerning Jenkins to credit reporting agencies.

## COUNT ONE – INVASION OF PRIVACY

14. Jenkins realleges and adopts by reference all prior allegations of this Complaint, as if set forth fully herein.

15. Defendants have wrongfully and without justification intruded upon the privacy and seclusion of Plaintiff, by repeatedly and systematically undertaking to collect on an illegitimate debt using harassment, defamatory threats, rude behavior, and the like.

16. As a proximate result thereof, Jenkins has suffered mental anguish, loss of sleep, anger, frustration, and such damages have been ongoing for many months, because the Defendants' conduct has gone on for over a year.

WHEREFORE, Jenkins requests an award of such compensatory and punitive damages as may be awarded by the trier of fact, together with interest, costs, and attorneys fees.

## COUNT TWO – OUTRAGE

17. Jenkins realleges and adopts by reference all prior allegations of this Complaint, as if set forth fully herein.

18. Defendants have repeatedly and systematically undertaken to collect on an illegitimate debt using harassment, defamatory threats, rude behavior, and the like. Such conduct has taken place for many months and in repeated fashion and therefore is extreme, and utterly intolerable in any civilized society.

19. As a proximate result thereof, Jenkins has suffered mental anguish, loss of sleep, anger, frustration, and such damages have been ongoing for many months, because the Defendants' conduct has gone on for over a year.

WHEREFORE, Jenkins requests an award of such compensatory and punitive damages as may be awarded by the trier of fact, together with interest, costs, and attorneys fees.

## COUNT THREE – DEFAMATION

20. Jenkins realleges and adopts by reference all prior allegations of this Complaint, as if set forth fully herein.

21. Defendants have repeatedly and systematically undertaken to collect on an illegitimate debt, by (among other things) publishing or causing to be published false and misleading information concerning Jenkins' creditworthiness. In particular, Defendants have reported false credit information concerning

Plaintiff to credit bureaus, and Verizon has reported such information to others, knowing that the information was false.

22. As a proximate result thereof, Jenkins has suffered mental anguish, loss of sleep, anger, frustration, and such damages have been ongoing for many months, because the Defendants' conduct has gone on for over a year.

WHEREFORE, Jenkins requests an award of such compensatory and punitive damages as may be awarded by the trier of fact, together with interest, costs, and attorneys fees.

## COUNT FOUR – VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT AGAINST ALLIED, CHASE, AND UNITED

23. Jenkins realleges and adopts by reference all prior allegations of this Complaint, as if set forth fully herein.

24. Allied, Chase and United are "debt collectors;" Plaintiff is a "consumer;" and the Verizon account was and is a "debt" within the meaning of 15 U.S.C. § 1692a.

25. Allied, Chase and United violated 15 U.S.C. § 1692c(c) by continuing to communicate with Plaintiff after receiving notice that the debt was not legitimately owed.

26. Said Defendants violated 15 U.S.C. § 1692d(5) by continuing to place telephone calls and engaging Claimant in conversation after knowing that the debt was not owed.

27. Said Defendants violated 15 U.S.C. § 1692e(2)(A) by misrepresenting that the debt was legitimate when it in fact was not, and further violated § 1692e(2)(B) by attempting to collect collection charges as an additional line item when the debt was not owed in the first place.

28. Said Defendants violated 15 U.S.C. § 1692e(5) by threatening to take further legal action which could not lawfully be taken, since the debt was not legitimate in the first place.

29. Said Defendants violated 15 U.S.C. § 1692f(1) in attempting to collect a debt which undisputedly was not owed.

30. Said Defendants violated 15 U.S.C. § 1692g(b) by failing to cease collection efforts after being notified in a writing that Plaintiff disputed the debt.

31. Based on the foregoing violations, said Defendants are liable to Plaintiff under 15 U.S.C. § 1692k for actual damages, statutory damages, costs, and attorneys fees.

WHEREFORE, Plaintiff requests an award of actual damages, statutory damages, costs, and attorneys fees, together with interest and such further relief as may be appropriate.

## COUNT FIVE – VIOLATIONS OF FAIR CREDIT REPORTING ACT

32. Jenkins realleges and adopts by reference all prior allegations of this Complaint, as if set forth fully herein.

33. Defendants are "persons" who provide information concerning Plaintiff's "credit report", and Plaintiff is a "consumer" within the meaning of the Fair Credit Reporting Act, 15 U.S.C. § 1681a.

34. Defendants have knowingly violated 15 U.S.C. § 1681s-2(a) by willfully, knowingly, and deliberately furnishing false credit information concerning Plaintiff to credit reporting agencies, by reporting the Verizon account as unpaid and owed when it admittedly was not.

35. Pursuant to 15 U.S.C. §1681n & § 1681o, Plaintiff is entitled to actual and statutory damages, punitive damages, costs and attorneys fees.

WHEREFORE, Claimant requests an award of actual damages, statutory damages, punitive damages, costs, and attorneys fees, together with interest and such further relief as may be appropriate.

/s/ Wilson F. Green
One of the Attorneys for Plaintiff

**OF COUNSEL:**
Wilson F. Green
**BATTLE FLEENOR GREEN WINN & CLEMMER LLP**
2316 University Blvd. Ste. 200
Tuscaloosa, Alabama 35401
(205) 722-1018
wgreen@bfgwc.com

**PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL AT:**

United Collection Bureau, Inc.
c/o CT Corporation System
1300 East 9th Street
Cleveland, OH  44114

Allied Interstate, Inc.
c/o CT Corporation System
100 South 5th Street, #1075
Minneapolis, MN  55402

Chase Receivables, Inc.
1247 Broadway
Sonoma, CA  95476