FILED
2009 Aug-31  PM 03:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **JAMES J. JENKINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **UNITED COLLECTION** | ) | **7:09-CV-01445-HGD** |
| **BUREAU, INC.; CHASE** | ) | |
| **RECEIVABLES;** | ) | |
| **ALLIED INTERSTATE,** | ) | |
| | ) | |
| **Defendants.** | | |

### ANSWER AN D AFFIRMATIVE DEFENSES

**COMES NOW** Defendant United Collection Bureau, Inc. ("UCB" or "this Defendant"), a corporation, and answers each allegation of Plaintiff James J. Jenkins's ("Plaintiff") Complaint and asserts its affirmative defenses in the above-styled action, as follows:

### ANSWER

UCB answers the allegations in the Complaint by denying all allegations not expressly admitted. UCB further states that it answers the allegations contained in the Complaint on the basis of information currently available to it and expressly reserves the right to amend its answer and affirmative defenses as it obtains additional information. As to each specific allegation of the Complaint, UCB responds as

follows:

## PARTIES, JURISDICTION, AND VENUE

1.      UCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and therefore denies same.

2.      UCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and therefore denies same.

3.      UCB admits that it engages in the business of collecting debts and that UCB attempts to collect certain debts due and owing Verizon Wireless, LLC ("Verizon").  UCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint and therefore denies same.

4.      (a)     ***Jurisdiction and Venue of this Court.***     The allegations contained in Paragraph 4(a) of the Complaint are legal conclusions that do not call for a response from UCB.

        (b)     ***Arbitration Issues.***     The allegations contained in Paragraph 4(b) of the Complaint are legal conclusions that do not call for a response from UCB.

2

## **FACTS**

5.      UCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint and therefore denies same.

6.      UCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and therefore denies same.

7.      The letter attached to the Complaint as Exhibit 1 speaks for itself.  In further response, UCB answers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and therefore denies same.

8.      UCB admits that it contacted Plaintiff's place of employment on May 28, 2008.  UCB denies speaking with Plaintiff directly.  To the extent not admitted, UCB denies the allegations contained in Paragraph 8 of the Complaint.

9.      UCB admits that it engaged in collection efforts on behalf of Verizon and that it contacted Plaintiff in an attempt to collect a certain debt purportedly owed by Plaintiff to Verizon.  Exhibit Two does not contain any correspondence from UCB to Plaintiff.  To the extent not admitted, UCB denies the allegations contained in Paragraph 9 of the Complaint.

10.     UCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and therefore denies same.

11.     UCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and therefore denies same.

12.     UCB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and therefore denies same.

13.     UCB denies the allegations contained in Paragraph 13 of the Complaint.

## COUNT ONE – INVASION OF PRIVACY

14.     In answering Paragraph 14 of the Complaint, UCB adopts, repeats, and realleges each and every admission, denial, and denial of knowledge or information set forth in the preceding paragraphs as if fully set forth herein.

15.     UCB denies the allegations contained in Paragraph 15 of the Complaint.

16.     UCB denies the allegations contained in Paragraph 16 of the Complaint and demands strict proof of the damages claimed therein.

In answering the Paragraph beginning "WHEREFORE," UCB denies that Plaintiff is entitled to an award of compensatory and punitive damages, interest, costs,

or attorneys fees, and further denies that Plaintiff is entitled to any relief on any count of Plaintiff's Complaint.

## COUNT TWO – OUTRAGE

17.    In answering Paragraph 17 of the Complaint, UCB adopts, repeats, and realleges each and every admission, denial, and denial of knowledge or information set forth in the preceding paragraphs as if fully set forth herein.

18.    UCB denies the allegations contained in Paragraph 18 of the Complaint.

19.    UCB denies the allegations contained in Paragraph 19 of the Complaint and demands strict proof of the damages claimed therein.

In answering the Paragraph beginning "WHEREFORE," UCB denies that Plaintiff is entitled to an award of compensatory and punitive damages, interest, costs, or attorneys fees, and further denies that Plaintiff is entitled to any relief on any count of Plaintiff's Complaint.

## COUNT THREE – DEFAMATION

20.    In answering Paragraph 20 of the Complaint, UCB adopts, repeats, and realleges each and every admission, denial, and denial of knowledge or information set forth in the preceding paragraphs as if fully set forth herein.

21.    UCB denies the allegations contained in Paragraph 21 of the Complaint.

22.    UCB denies the allegations contained in Paragraph 22 of the Complaint

5

and demands strict proof of the damages claimed therein.

In answering the Paragraph beginning "WHEREFORE," UCB denies that Plaintiff is entitled to an award of compensatory and punitive damages, interest, costs, or attorneys fees, and further denies that Plaintiff is entitled to any relief on any count of Plaintiff's Complaint.

## COUNT FOUR – VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT AGAINST ALLIED, CHASE, AND UNITED

23.     In answering Paragraph 23 of the Complaint, UCB adopts, repeats, and realleges each and every admission, denial, and denial of knowledge or information set forth in the preceding paragraphs as if fully set forth herein.

24.     The allegations contained in Paragraph 24 of the Complaint are legal conclusions that do not call for a response from UCB.  To the extent a response is required, UCB admits that it engages in the business of collecting debts.  UCB is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24 of the Complaint and therefore denies same.

25.     UCB denies the allegations contained in Paragraph 25 of the Complaint.

26.     UCB denies the allegations contained in Paragraph 26 of the Complaint.

27.     UCB denies the allegations contained in Paragraph 27 of the Complaint.

28.     UCB denies the allegations contained in Paragraph 28 of the Complaint.

29.     UCB denies the allegations contained in Paragraph 29 of the Complaint.

30.     UCB denies the allegations contained in Paragraph 30 of the Complaint.

31.     UCB denies the allegations contained in Paragraph 31 of the Complaint and demands strict proof of the damages claimed therein.

In answering the Paragraph beginning "WHEREFORE," UCB denies that Plaintiff is entitled to an award of actual damages, statutory damages, interest, costs, or attorneys fees, and further denies that Plaintiff is entitled to any relief on any count of Plaintiff's Complaint.

## COUNT FIVE – VIOLATIONS OF FAIR CREDIT REPORTING ACT

32.     In answering Paragraph 32 of the Complaint, UCB adopts, repeats, and realleges each and every admission, denial, and denial of knowledge or information set forth in the preceding paragraphs as if fully set forth herein.

33.     The allegations contained in Paragraph 33 of the Complaint are legal conclusions that do not call for a response from UCB.  To the extent a response is required, UCB denies that it reported the debt made the basis of this litigation to any credit reporting bureau.  To the extent not admitted, UCB denies the allegations contained in Paragraph 33 of the Complaint.

34.     UCB denies the allegations contained in Paragraph 34 of the Complaint.

7

35.     UCB denies the allegations contained in Paragraph 35 of the Complaint and demands strict proof of the damages claimed therein.

In answering the Paragraph beginning "WHEREFORE," UCB denies that Plaintiff is entitled to an award of actual damages, statutory damages, punitive damages, interest, costs, or attorneys fees, and further denies that Plaintiff is entitled to any relief on any count of Plaintiff's Complaint.

**WHEREFORE**, UCB prays that judgment be entered in its favor and against Plaintiff and for other and further relief that this Court deems just and equitable.

## AFFIRMATIVE DEFENSES

UCB asserts the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with Plaintiffs.

### FIRST AFFIRMATIVE DEFENSE

UCB pleads the general issue and pleads not guilty.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

An assessment of punitive damages in this action is unconstitutional as to UCB and as applied to the acts and circumstances in this case in that:

a.      It operates to create an arbitrary and capricious method and manner for

the jury's assessment and determination of damages, without regard for the quality and quantity of culpability of other defendants joined in one action;

b.    It operates to deny to UCB a fair opportunity to have the jury assess damages based on UCB's culpability for negligence which cannot be segregated from allegations of negligence against other defendants joined in this action;

c.    In failing to provide for joint contribution and an apportionment of damages among defendants, it deprives UCB of property without due process of law and contrary to the Fifth and Fourteenth Amendments to the Constitution of the United States and specifically to those portions thereof proscribing any state from depriving any person of property without due process of law;

d.    In failing to provide for joint contribution and an apportionment of damages among defendants, it deprives UCB of property without due process of law contrary to Article I, Section 6 of the Constitution of the State of Alabama which provides, insofar as are germane, that no person shall be deprived of property except by due process of law.

e.    An award of punitive damages in this case against UCB would be unconstitutional for the reason that awards of punitive damages are not governed by any specific standards, are not based on rational distinctions, do not serve any legitimate state interest and thereby violate the due process and equal protection

provisions of both the Fourteenth Amendment to the United States Constitution and Article I, Sections 1, 6, and 22 of the Constitution of Alabama.

      f.     Any demand for punitive damages violates the Sixth Amendment of the United States Constitution in that such claim for punitive damages is a claim that is penal in nature, entitling UCB to the same procedural safeguards accorded to a criminal defendant under the Sixth Amendment.

      g.     Any demand for punitive damages violates the self-incrimination clause of the Fifth Amendment of the United States Constitution in that the damages claimed are penal in nature while UCB is required to disclose documents and/or other evidence without the safeguard against self-incrimination set out in the Fifth Amendment.

      h.     Any demand for punitive damages violates the Fifth Amendment of the United States Constitution which prohibits deprivation of life, liberty, or property except by due process of law in that the claim for punitive damages is vague and not rationally related to any legitimate government interests.

      i.     Any demand for punitive damages violates the rights guaranteed by the United States Constitution in that the claim for punitive damages is penal in nature for which the burden of proof on Plaintiff is less than the "reasonable doubt" standard required in criminal cases.

j.      Any demand for punitive damages is unconstitutional under the Constitution of the State of Alabama which provides in Article I, Section 6, that no person shall be deprived of life, liberty, or property except by due process of law, in that the punitive damages claimed are vague and not rationally related to any legitimate government interests.

k.      Any demand for punitive damages is unconstitutional under the Constitution of the State of Alabama, Section 6, which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that the punitive damages claimed are penal in nature, requiring a burden of proof on Plaintiff that is less than the "reasonable doubt" standard applicable in a criminal case.

l.      Punitive damage awards in Alabama are not governed by any specific standards, are not based upon rational distinctions, and do not serve any legitimate state interest.   Consequently, such awards violate the due process and equal protection provisions of both the Fourteenth Amendment of the United States Constitution and Article I, Sections 1, 6, and 22 of the Constitution of the State of Alabama.

m.      The amount of an award of punitive damages could violate the excessive fines provisions of the Eighth Amendment of the United States Constitution and Article I, Section 15 of the Constitution of the State of Alabama.

11

n.      Punitive damages are penal in nature, yet defendants in civil actions are not accorded the same procedural safeguards accorded to criminal defendants under the Fourteenth, Fifteenth, and Sixteenth Amendments to the United States Constitution, including, without limitation, requiring proof beyond a reasonable doubt and imposing civil penal fines in excess of those fines that could be imposed under criminal law.

o.      Plaintiff's claims for punitive damages are barred or limited by the provisions of Code of Alabama § 6-11-20, *et seq.* (1975) and/or any other applicable statutory provision.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the claimed injuries and damages, if any, were not proximately caused by any alleged acts or omissions of UCB.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred because the claimed injuries and damages, if any, were or may have been caused by the conduct of third parties, including but not limited to the prior, intervening, or superseding conduct of third parties.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred by estoppel, waiver, release, and/or

laches.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because he did not sustain any damages as a proximate result of any alleged wrongdoing by UCB.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are, or may be, barred by release or acquiescence.

## NINTH AFFIRMATIVE DEFENSE

UCB is not liable for any acts of its agents and employees committed outside the scope of their agency, employment, or authority.

## TENTH AFFIRMATIVE DEFENSE

At all times relevant hereto, UCB's actions were reasonable.

## ELEVENTH AFFIRMATIVE DEFENSE

At all times relevant hereto, UCB acted in good faith and with due care and diligence and without malice or intent to injure Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be preempted in whole or in part or otherwise limited or precluded by federal law and/or regulations.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred or diminished by UCB's right to setoff

and/or recoupment arising from defaults, judgments, or otherwise.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred because he failed to mitigate his alleged damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

UCB did not act willfully or with malice in its attempts to collect the subject debt.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred under the doctrines of unclean hands or *in pari delicto* or both.

## SEVENTEENTH AFFIRMATIVE DEFENSE

UCB has complied with all applicable provisions of the Fair Debt Collection Practices Act.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred in whole or in part by the applicable statutes of limitation.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred under the doctrines of quasi-contract or unjust enrichment or both.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred under the doctrines of *res judicata* or collateral estoppel or both.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred, in whole or in part, by the voluntary payment doctrine.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

UCB is entitled to the bona fide error defense which the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(c), provides.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

UCB complied with all applicable provisions of the Fair Credit Reporting Act.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to satisfy statutory notice requirements for the recovery of punitive damages in a defamation action.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred because UCB did not report Plaintiff's Verizon account to any credit reporting bureau.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims and causes of action asserted against UCB are barred, in

whole or in part, by the doctrine of qualified, conditional and/or absolute immunity.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred the extent that debt at issue is not a consumer debt.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

UCB reserves the right to assert additional defenses of which it learns through the course of discovery.

Respectfully submitted,

/s/Brent G. Grainger
John W. Scott
Brent G. Grainger
Attorneys for Defendant
United Collection Bureau, Inc.

**OF COUNSEL:**
SCOTT DUKES & GEISLER, P.C.
2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203
Telephone:  (205) 251-2300
Telecopier:  (205) 251-6773
Email:          jscott@scottdukeslaw.com
                     bgrainger@scottdukeslaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 31, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participant: Wilson F. Green, Esq.

Furthermore, I hereby certify that I have mailed by United States Postal Service, first-class postage prepaid, the foregoing to the following non-CM/ECF participants:

Allied Interstate, Inc.
c/o CT Corporation System
100 South 5th Street, #1075
Minneapolis, MN 55402

Chase Receivables, Inc.
1247 Broadway
Sonoma, CA 95476

/s/ Brent G. Grainger
Of Counsel

48712.1

17