This watermark does not appear in the registered version - http://www.clicktoconvert.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**WESTERN DIVISION**

| | |
|---|---|
| **JAMES J. JENKINS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.** |
| ) | |
| **UNITED COLLECTION** ) | **7:09-CV-01445-HGD** |
| **BUREAU, INC.; CHASE** ) | |
| **RECEIVABLES;** ) | |
| **ALLIED INTERSTATE,** ) | |
| ) | |
| **Defendants.** ) | |

### ANSWER AN D AFFIRMATIVE DEFENSES

**COMES NOW** Defendant Chase Receivables, hereinafter referred to as "CHASE" and answers each allegation of Plaintiff James J. Jenkins's Complaint and asserts its affirmative defenses in the above styled action, as follows:

### ANSWER

CHASE alleges that it is incorrectly named in the Complaint. The correct name of the entity identified by Plaintiff as "Chase Receivables" is Credit Bureau of Napa County, Inc., doing business as Chase Receivables. CHASE states that it answers the allegations contained in the Complaint on the basis of information currently available to it and expressly

reserves the right to amend its answer and affirmative defenses as it obtains additional information.

### SPECIFIC ADMISIONS AND DENIALS

1. CHASE admits the allegations contained in Paragraph 1 of the Complaint.

2. CHASE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and therefore denies same.

This watermark does not appear in the registered version - http://www.clicktoconvert.com

3. CHASE admits that it engages in the business of collecting debts and that CHASE has attempted to collect certain debts due and owing to Verizon Wireless, LLC ("Verizon"). CHASE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 pertaining to the other Defendants.

4. (a) *Jurisdiction and Venue of this Court.* The allegations contained in Paragraph 4(a) of the Complaint are legal conclusions that do not call for a response from CHASE.

(b) *Arbitration Issues.* The allegations contained in Paragraph 4(b) of the Complaint are legal conclusions that do not call for a response from CHASE.  CHASE does affirmatively state that it has declined to participate in the Arbitration action filed by Plaintiff.

5. CHASE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint and therefore denies same.

6. CHASE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and therefore denies same.

7. CHASE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and therefore denies same.

8. CHASE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph8 of the Complaint and therefore denies same.

9. CHASE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and therefore denies same.

10. CHASE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and therefore denies same.

11. CHASE admits that it attempted to collect from Plaintiff a debt alleged to be owed to Verizon Wireless by sending a letter to Plaintiff in accordance with the Fair Debt Collection Practices Act.  Further, CHASE admits receiving a letter from Plaintiff

This watermark does not appear in the registered version - http://www.clicktoconvert.com

disputing the debt. Upon receipt of this letter, CHASE ceased any collection activities against Plaintiff and returned the account to Verizon Wireless. CHASE denies all other allegations contained on Paragraph 11 of Plaintiff's Complaint.

12. CHASE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and therefore denies same.

13. CHASE denies the allegations contained in Paragraph 13 of the Complaint.

14. In answering Paragraph 14 of the Complaint, CHASE adopts, repeats, and realleges each and every admission, denial, and denial of knowledge or information set forth in the preceding paragraphs as if fully set forth herein.

15. CHASE denies the allegations contained in Paragraph 15 of the Complaint.

16. CHASE denies the allegations contained in Paragraph 16 of the Com-plaint and demands strict proof of the damages claimed therein.

In answering the Paragraph beginning "WHEREFORE," CHASE denies that Plaintiff is entitled to any award of compensatory and punitive damages, interest, costs or attorneys fees, and further denies that Plaintiff is entitled to any relief on any count of Plaintiff's Complaint.

17. In answering Paragraph 17 of the Complaint, CHASE adopts, repeats, and realleges each and every admission, denial, and denial of knowledge or information set forth in the preceding paragraphs as if fully set forth herein.

18. CHASE denies the allegations contained in Paragraph 18 of the Complaint.

19. CHASE denies the allegations contained in Paragraph 19 of the Complaint and demands strict proof of the damages claimed therein.

In answering the Paragraph beginning "WHEREFORE," CHASE denies that Plaintiff is entitled to any award of compensatory and punitive damages, interest, costs, or attorneys' fees, and further denies that Plaintiff is entitled to any relief on any count of Plaintiff's Complaint.

This watermark does not appear in the registered version - http://www.clicktoconvert.com

20. In answering Paragraph 20 of the Complaint, CHASE adopts, repeats, and realleges each and every admission, denial, and denial of knowledge or information set forth in the preceding paragraphs as if fully set forth herein.

21. CHASE denies the allegations contained in Paragraph 21 of the Complaint.

22. CHASE denies the allegations contained in Paragraph 22 of the Complaint and demands strict proof of the damages claimed therein.

In answering the Paragraph beginning "WHEREFORE," CHASE denies that Plaintiff is entitled to any award of compensatory and punitive damages, interest, costs, or attorneys' fees, and further denies that Plaintiff is entitled to any relief on any count of Plaintiff's Complaint.

23. In answering Paragraph 23 of the Complaint, CHASE adopts, repeats, and realleges each and every admission, denial, and denial of knowledge or information set forth in the preceding paragraphs as if fully set forth herein.

24. The allegations contained in Paragraph 24 of the Complaint are legal conclusions that do not call for a response from CHASE.  However, CHASE admits that it engages in the business of collecting debts. CHASE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24 of the Complaint and therefore denies same.

25. CHASE denies the allegations contained in Paragraph 25 of the Complaint.

26. CHASE denies the allegations contained in Paragraph 26 of the Complaint.

27. CHASE denies the allegations contained in Paragraph 27 of the Complaint.

28. CHASE denies the allegations contained in Paragraph 28 of the Complaint.

29. CHASE denies the allegations contained in Paragraph 29 of the Complaint.

30. CHASE denies the allegations contained in Paragraph 30 of the Complaint.

31. CHASE denies the allegations contained in Paragraph 31 of the Complaint and demands strict proof of the damages claimed therein.

This watermark does not appear in the registered version - http://www.clicktoconvert.com

In answering the Paragraph beginning "WHEREFORE," CHASE denies that Plaintiff is entitled to any award of actual damages, statutory damages, interest, costs, or attorneys fees, and further denies that Plaintiff is entitled to any relief on any count of Plaintiff's Complaint.

32. In answering Paragraph 32 of the Complaint, CHASE adopts, repeats, and realleges each and every admission, denial, and denial of knowledge or information set forth in the preceding paragraphs as if fully set forth herein.

33. The allegations contained in Paragraph 33 of the Complaint are legal conclusions that do not call for a response from CHASE. However, CHASE specifically denies that it reported the debt made the basis of this litigation to any credit reporting bureau. As to the other Defendants, CHASE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint and therefore denies same.

34. CHASE denies the allegations contained in Paragraph 34 of the Complaint.

35. CHASE denies the allegations contained in Paragraph 35 of the Complaint and demands strict proof of the damages claimed therein.

In answering the Paragraph beginning "WHEREFORE," CHASE denies that Plaintiff is entitled to any award of actual damages, statutory damages, punitive damages, interest, costs, or attorneys fees, and further denies that Plaintiff is entitled to any relief on any count of Plaintiff's Complaint.

**WHEREFORE**, CHASE prays that judgment be entered in its favor and against Plaintiff and for other and further relief that this Court deems just and equitable.

## AFFIRMATIVE DEFENSES

Having fully answered the allegations of Plaintiff's Complaint, CHASE also asserts the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

This watermark does not appear in the registered version - http://www.clicktoconvert.com

CHASE pleads the general issue and pleads not guilty.

**SECOND AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**

An assessment of punitive damages in this action is unconstitutional as to CHASE and as applied to the acts and circumstances in this case in that:

a. It operates to create an arbitrary and capricious method and manner for the jury's assessment and determination of damages, without regard for the quality and quantity of culpability of other defendants joined in one action;

b. It operates to deny to CHASE a fair opportunity to have the jury assess damages based on CHASE's culpability for negligence which cannot be segregated from allegations of negligence against other defendants joined in this action;

c. In failing to provide for joint contribution and an apportionment of damages among defendants, it deprives CHASE of property without due process of law and contrary to the Fifth and Fourteenth Amendments to the Constitution of the United States and specifically to those portions thereof proscribing any state from depriving any person of property without due process of law;

d. It deprives CHASE of property without due process of law contrary to Article I, Section 6 of the Constitution of the State of Alabama which provides, insofar as are germane, that no person shall be deprived of property except by due process of law.

e. An award of punitive damages in this case against CHASE would be unconstitutional for the reason that awards of punitive damages are not governed by any specific standards, are not based on rational distinctions, do not serve any legitimate state interest and thereby violate the due process and equal protection provisions of both the Fourteenth Amendment to the United States Constitution and Article I, Sections 1, 6, and 22 of the Constitution of Alabama.

This watermark does not appear in the registered version - http://www.clicktoconvert.com

f. Any demand for punitive damages violates the Sixth Amendment of the United States Constitution in that such claim for punitive damages is a claim that is penal in nature, entitling CHASE to the same procedural safeguards accorded to a criminal defendant under the Sixth Amendment.

g. Punitive damage awards in Alabama are not governed by any specific standards, are not based upon rational distinctions, and do not serve any legitimate state interest. Consequently, such awards violate the due process and equal protection provisions of both the Fourteenth Amendment of the United States Constitution and Article I, Sections 1, 6, and 22 of the Constitution of the State of Alabama.

h. Plaintiff's claims for punitive damages are barred or limited by the provisions of Code of Alabama § 6-11-20, *et seq.* (1975) and/or any other applicable statutory provision.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because the claimed injuries and damages, if any, were not proximately caused by any alleged acts or omissions of CHASE.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are or may be barred because the claimed injuries and damages, if any, were or may have been caused by the conduct of third parties, including but not limited to the prior, intervening, or superseding conduct of third parties.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are or may be barred by estoppel, waiver, release, and/or laches.

**SEVENTH AFFIRMATIVE DEFENSE**

CHASE is not liable for any acts of its agents and employees committed outside the scope of their agency, employment, or authority.

**EIGHTH AFFIRMATIVE DEFENSE**

This watermark does not appear in the registered version - http://www.clicktoconvert.com

At all times relevant hereto, CHASE acted in good faith and with due care and diligence and without malice or intent to injure Plaintiff.

**NINTH AFFIRMATIVE DEFENSE**

CHASE did not act willfully or with malice in its attempts to collect the subject debt.

**TENTH AFFIRMATIVE DEFENSE**

In so far as Plaintiff seeks equitable relief, Plaintiff's claims are or may be barred under the doctrines of unclean hands or *in pari delicto* or both.

**ELEVENTH AFFIRMATIVE DEFENSE**

CHASE has complied with all applicable provisions of the Fair Debt Collection Practices Act.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are or may be barred under the doctrines of *res judicata* or collateral estoppel or both.

**THIRTEENTH AFFIRMATIVE DEFENSE**

CHASE is entitled to the bona fide error defense which the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(c), provides.

**FOURTEENTH AFFIRMATIVE DEFENSE**

CHASE complied with all applicable provisions of the Fair Credit Reporting Act.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff failed to satisfy statutory notice requirements for the recovery of punitive damages in a defamation action.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are or may be barred because CHASE did not report Plaintiff's Verizon Wireless account to any credit reporting bureau.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are or may be barred the extent that debt at issue is not a consumer debt.

This watermark does not appear in the registered version - http://www.clicktoconvert.com

**EIGHTEENTH AFFIRMATIVE DEFENSE**

CHASE reserves the right to assert additional defenses of which it learns through the course of discovery.

        Respectfully submitted,

        /s/James D. Smith (SMI032)
        Attorneys for Defendant
        Chase Receivables
        Law Offices of James D. Smith, LLC
        2311 Twelfth Street
        Tuscaloosa, Alabama  35401
        Telephone: (205) 759-4004
        Fax: (205)752-0235
        Email:  jsmith@jamesdsmith.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participant: Wilson F. Green, Esq. and Brent G. Grainger, Esq.

Furthermore, I hereby certify that I have mailed by United States Postal Service, first-class postage prepaid, the foregoing to the following non-CM/ECF participants:

Allied Interstate, Inc.
c/o CT Corporation System
100 South 5th Street, #1075
Minneapolis, MN 55402

        /s/ James D. Smith
        Of Counsel for Defendant
        Chase Receivables