FILED
 2009 Nov-06  AM 11:54
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA WESTERN DIVISION

| | |
|---|---|
| **JAMES J. JENKINS,** ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | **7:09cv1445-HGD** |
| ) | |
| **UNITED COLLECTION BUREAU, INC.;** ) | |
| **CHASE RECEIVABLES;** ) | |
| **ALLIED INTERSTATE,** ) | |
| ) | |
| Defendants. ) | |

## FIRST AMENDED COMPLAINT

The Claimant, James J. Jenkins ("Claimant" or "Jenkins") hereby states the following for his claims against Defendants United Collection Bureau, Inc. ("United"), Chase Receivables ("Chase"), and Allied Interstate ("Allied"):

## PARTIES, JURISDICTION AND VENUE

1. Jenkins is a resident and citizen of Tuscaloosa, Alabama.

2. Verizon Wireless, LLC ("Verizon") is not a Defendant in this action (for reasons discussed later), but is a party to the transactions in issue. Verizon is a limited liability company situated in a State other than Alabama.

3. United, Chase, and Allied are debt collection agencies which were acting as collection agents of Verizon with regard to the acts and omissions complained of in this Complaint.

1

4. This Court has jurisdiction over this matter, in that claims arising under the laws of the United States are asserted herein, and in that this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), of all state-law claims.

## FACTS

5. Jenkins had a wireless telephone contract with Verizon. Following the term of the contract (beyond which no termination charges were owed), Jenkins elected to terminate the contract. In approximately January of 2008, he sent in his monthly payment by check in the Verizon-enclosed envelope and statement stub, and included therein a written note demanding that the contract and the service be canceled immediately.

6. In February 2008, Jenkins received a bill from Verizon for monthly service, despite the cancelation request. Another bill was received the following month, in March. Jenkins called into Verizon at that time, and was assured that the cancelation had been processed, and that no money was owed.

7. Despite that assurance, Jenkins received another bill in April. Jenkins called into Verizon again and informed the representative that he had canceled the service several months before, and that the continued billing was in error, and that money was owed. The Verizon representative again confirmed that no money was owed. Jenkins then sent a letter to Verizon on May 2, 2008, confirming these

conversations that no money was owed and that the account had been closed. A copy of that letter is attached as Exhibit 1 hereto.

8. On or about May 28, 2008, Jenkins received a phone call at his office from a Ms. Askus at United. She was very rude and informed Jenkins that money was owed on a Verizon account. Jenkins explained to her that there was a mistake; that Verizon had confirmed that no money was owed and that Verizon had confirmed the same. Jenkins requested that the collection calls cease immediately since the debt was not legitimate. One or more employees of United also contacted third parties and communicated with them concerning Plaintiff's alleged debt. Additionally, United left voice messages for Plaintiff which did not disclose that the message was from a debt collector.

9. Nevertheless, Jenkins continued to receive numerous calls from United, both at home and at his office, attempting to collect on the Verizon account. Additionally, in early June of 2008, Jenkins received at his office a collection letter from United (attached as Exhibit 2 hereto) demanding payment on the debt.

10. After receiving additional calls and the letter, Jenkins again contacted United and demanded that the calls and letters stop and that the debt was not legitimate.

11. A few months later, Chase contacted Jenkins by letter (Exhibit 3 hereto) and demanded payment on the Verizon account. Jenkins responded in a letter from December 2, 2008 (Exhibit 4 hereto) explaining, again, that the debt was not legitimate and demanding that the contacts and collection efforts cease immediately. Nevertheless, Chase continued to contact Jenkins several more times after this, primarily by telephone at his home and office, and he repeatedly demanded that the calls cease, but to no avail. In some of these collection efforts, Chase left voice mail messages on Jenkins' home and office voice mails, in which messages Chase did not disclose that the message was from a debt collector. Allied also communicated with third parties concerning the debt.

12. In May of 2009, Jenkins received another letter and numerous calls from Allied, again purporting to collect on the Verizon account. Jenkins again demanded that the collection calls cease immediately and that the contacts were not legitimate. Allied left one or more voice mail messages for Jenkins in connection with these collection efforts, in which Allied did not disclose that the message was from a debt collector and/or that any information gathered would be used for that purpose. Allied also communicated with one or more third parties concerning the alleged debt. In response to the collection letters from Allied, Jenkins enclosed a handwritten note (Exhibit 5 hereto) which attached the

December 4, 2008 letter to Chase and other materials, and again explaining that the attempted collection was not legitimate.

13. Defendants have pervasively, repeatedly, and without justification attempted to collect an illegitimate debt from Jenkins.

## COUNT ONE – INVASION OF PRIVACY

14. Jenkins realleges and adopts by reference all prior allegations of this Complaint, as if set forth fully herein.

15. Defendants have wrongfully and without justification intruded upon the privacy and seclusion of Plaintiff, by repeatedly and systematically undertaking to collect on an illegitimate debt using harassment, defamatory threats, rude behavior, and the like.

16. As a proximate result thereof, Jenkins has suffered mental anguish, loss of sleep, anger, frustration, and such damages have been ongoing for many months, because the Defendants' conduct has gone on for over a year.

WHEREFORE, Jenkins requests an award of such compensatory and punitive damages as may be awarded by the trier of fact, together with interest, costs, and attorneys fees.

## COUNT TWO – OUTRAGE

17. Jenkins realleges and adopts by reference all prior allegations of this Complaint, as if set forth fully herein.

18. Defendants have repeatedly and systematically undertaken to collect on an illegitimate debt using harassment, defamatory threats, rude behavior, and the like. Such conduct has taken place for many months and in repeated fashion and therefore is extreme, and utterly intolerable in any civilized society.

19. As a proximate result thereof, Jenkins has suffered mental anguish, loss of sleep, anger, frustration, and such damages have been ongoing for many months, because the Defendants' conduct has gone on for over a year.

WHEREFORE, Jenkins requests an award of such compensatory and punitive damages as may be awarded by the trier of fact, together with interest, costs, and attorneys fees.

## COUNT THREE – VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT AGAINST ALLIED, CHASE, AND UNITED

20. Jenkins realleges and adopts by reference all prior allegations of this Complaint, as if set forth fully herein.

21. Allied, Chase and United are "debt collectors;" Plaintiff is a "consumer;" and the Verizon account was and is a "debt" within the meaning of 15 U.S.C. § 1692a.

22. Allied, Chase and United violated 15 U.S.C. § 1692c(c) by continuing to communicate with Plaintiff after receiving notice that the debt was not legitimately owed.

23. Said Defendants violated 15 U.S.C. § 1692d(5) by continuing to place telephone calls and engaging Claimant in conversation after knowing that the debt was not owed.

24. Said Defendants violated 15 U.S.C. § 1692e(2)(A) by misrepresenting that the debt was legitimate when it in fact was not, and further violated § 1692e(2)(B) by attempting to collect collection charges as an additional line item when the debt was not owed in the first place.

25. Said Defendants violated 15 U.S.C. § 1692e(5) by threatening to take further legal action which could not lawfully be taken, since the debt was not legitimate in the first place.

26. Said Defendants violated 15 U.S.C. § 1692f(1) in attempting to collect a debt which undisputedly was not owed.

27. Said Defendants violated 15 U.S.C. § 1692g(b) by failing to cease collection efforts after being notified in a writing that Plaintiff disputed the debt.

28. Said Defendants violated 15 U.S.C. § 1692d(6) and § 1692e(11) by failing to disclose in its voice mail messages and other communications that they were from a debt collector.

29. Said Defendants violated 15 U.S.C. § 1692c(b) by communicating with one or more third parties concerning the debt allegedly owed by Plaintiff.

30.	Based on the foregoing violations, said Defendants are liable to Plaintiff under 15 U.S.C. § 1692k for actual damages, statutory damages, costs, and attorneys fees.

WHEREFORE, Plaintiff requests an award of actual damages, statutory damages, costs, and attorneys fees, together with interest and such further relief as may be appropriate.

/s/ Wilson F. Green
One of the Attorneys for Plaintiff

**OF COUNSEL:**
Wilson F. Green
**BATTLE FLEENOR GREEN WINN & CLEMMER LLP**
2316 University Blvd. Ste. 200
Tuscaloosa, Alabama 35401
(205) 722-1018
wgreen@bfgwc.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing is being served through the CM-ECF system on this the 6th day of November, 2009.

/s/ Wilson F. Green
One of the Attorneys for Plaintiff