# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **JAMES J. JENKINS,** | ) |
| **Plaintiff,** | ) |
| v. | ) |
| | ) **CIVIL ACTION NO. 7:09-CV-01445-HGD** |
| **UNITED COLLECTION BUREAU, INC.; CHASE RECEIVABLES; ALLIED INTERSTATE,** | ) |
| **Defendants.** | ) |

## DEFENDANT ALLIED INTERSTATE, INC.'S ANSWER TO FIRST AMENDED COMPLAINT

**COMES NOW** Allied Interstate, Inc. ("Allied"), incorrectly identified in the complaint as "Allied Interstate", one of the Defendants in the above-styled matter, by and through its undersigned counsel, and for its Answer to Plaintiff James. J. Jenkins' ("Plaintiff") First Amended Complaint, states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Allied is without sufficient information to either admit or deny the allegations in Paragraph 1 of Plaintiff's first amended complaint and, therefore, denies the same and demands strict proof thereof.

2. Allied is without sufficient information to either admit or deny the allegations in Paragraph 2 of Plaintiff's first amended complaint and, therefore, denies the same and demands strict proof thereof.

3. Allied admits that on occasion it is a debt collector and acted on behalf of Verizon. Except as specifically admitted herein, Allied denies the allegations contained in Paragraph 3 of Plaintiff's first amended complaint and demands strict proof thereof.

4. Allied is without sufficient information to either admit or deny the allegations in Paragraph 4 of Plaintiff's first amended complaint and, therefore, denies the same and demands strict proof thereof.

**FACTS**

5. Allied admits that Plaintiff had an account with Verizon. Allied is without sufficient information to either admit or deny the remaining allegations in Paragraph 5 of Plaintiff's first amended complaint and, therefore, denies the same and demands strict proof thereof.

6. Allied is without sufficient information to either admit or deny the allegations in Paragraph 6 of Plaintiff's first amended complaint and, therefore, denies the same and demands strict proof thereof.

7. Allied is without sufficient information to either admit or deny the allegations in Paragraph 7 of Plaintiff's first amended complaint and, therefore, denies the same and demands strict proof thereof.

8. Allied is without sufficient information to either admit or deny the allegations in Paragraph 8 of Plaintiff's first amended complaint and, therefore, denies the same and demands strict proof thereof.

9. Allied is without sufficient information to either admit or deny the allegations in Paragraph 9 of Plaintiff's first amended complaint and, therefore, denies the same and demands strict proof thereof.

10. Allied is without sufficient information to either admit or deny the allegations in Paragraph 10 of Plaintiff's first amended complaint and, therefore, denies the same and demands strict proof thereof.

11.     Allied is without sufficient information to either admit or deny the allegations in Paragraph 11 of Plaintiff's first amended complaint and, therefore, denies the same and demands strict proof thereof.

12.     Allied admits that Exhibit 5 speaks for itself.  Allied further admits that attempts have been made by Allied to collect an alleged debt from Plaintiff.  Except as specifically admitted herein, Allied denies the allegations contained in Paragraph 12 of Plaintiff's first amended complaint and demands strict proof thereof.

13.     Allied denies the allegations in Paragraph 13 of Plaintiff's first amended complaint and demands strict proof thereof.

## COUNT ONE - INVASION OF PRIVACY

14.     Allied reincorporates its previous responses to the allegations in Paragraphs 1-14 as if fully set out herein.

15.     Allied denies the allegations in Paragraph 15 of Plaintiff's first amended complaint and demands strict proof thereof.

16.     Allied denies the allegations in Paragraph 16 of Plaintiff's first amended complaint and demands strict proof thereof.

In response to the prayer for relief following Paragraph 16 of Plaintiff's first amended complaint, Allied denies that Plaintiff is entitled to any compensatory damages, punitive damages, interest, costs, attorneys' fees or any other relief whatsoever and demands strict proof thereof.

## COUNT TWO - OUTRAGE

17.     Allied reincorporates its previous responses to the allegations in Paragraphs 1-16 as if fully set out herein.

18. Allied denies the allegations in Paragraph 18 of Plaintiff's first amended complaint and demands strict proof thereof.

19. Allied denies the allegations in Paragraph 19 of Plaintiff's first amended complaint and demands strict proof thereof.

In response to the prayer for relief following Paragraph 19 of Plaintiff's first amended complaint, Allied denies that Plaintiff is entitled to any compensatory damages, punitive damages, interest, costs, attorneys' fees or any other relief whatsoever and demands strict proof thereof.

### COUNT THREE - VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT AGAINST ALLIED, CHASE, AND UNITED

20. Allied reincorporates its previous responses to the allegations in Paragraphs 1-19 as if fully set out herein.

21. Allied denies the allegations in Paragraph 21 of Plaintiff's first amended complaint and demands strict proof thereof.

22. Allied denies the allegations in Paragraph 22 of Plaintiff's first amended complaint and demands strict proof thereof.

23. Allied denies the allegations in Paragraph 23 of Plaintiff's first amended complaint and demands strict proof thereof.

24. Allied denies the allegations in Paragraph 24 of Plaintiff's first amended complaint and demands strict proof thereof.

25. Allied denies the allegations in Paragraph 25 of Plaintiff's first amended complaint and demands strict proof thereof.

26. Allied denies the allegations in Paragraph 26 of Plaintiff's first amended complaint and demands strict proof thereof.

27. Allied denies the allegations in Paragraph 27 of Plaintiff's first amended complaint and demands strict proof thereof.

28. Allied denies the allegations in Paragraph 28 of Plaintiff's first amended complaint and demands strict proof thereof.

29. Allied denies the allegations in Paragraph 29 of Plaintiff's first amended complaint and demands strict proof thereof.

30. Allied denies the allegations in Paragraph 30 of Plaintiff's first amended complaint and demands strict proof thereof.

In response to the prayer for relief following Paragraph 30 of Plaintiff's first amended complaint, Allied denies that Plaintiff is entitled to any actual damages, statutory damages, interest, costs, attorneys' fees, or any other relief whatsoever and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's claims against Allied fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims against Allied are barred by the applicable statute of limitations.

### THIRD DEFENSE

Plaintiff's claims against Allied are barred by the doctrine of unclean hands.

### FOURTH DEFENSE

Plaintiff's claims against Allied are barred by the doctrines of laches and estoppel.

### FIFTH DEFENSE

Plaintiff's claims against Allied are barred by the doctrines of judicial estoppel, collateral estoppel and *res judicata*.

**SIXTH DEFENSE**

Plaintiff's claims against Allied are barred by the doctrine of acquiescence.

**SEVENTH DEFENSE**

Plaintiff's claims against Allied are barred by the doctrine of consent.

**EIGHTH DEFENSE**

Plaintiff's claims against Allied are barred by the doctrine of waiver.

**NINTH DEFENSE**

Allied pleads justification.

**TENTH DEFENSE**

Allied pleads immunity.

**ELEVENTH DEFENSE**

Allied pleads privilege.

**TWELFTH DEFENSE**

Plaintiff lacks standing.

**THIRTEENTH DEFENSE**

Plaintiff's claims against Allied are barred by accord and satisfaction.

**FOURTEENTH DEFENSE**

Plaintiff has failed to mitigate his damages.

**FIFTEENTH DEFENSE**

Any violation of the law or damage suffered by Plaintiff, which Allied denies, was due to the affirmative actions and/or omissions of Plaintiff and does not give rise to any liability of Allied.

**SIXTEENTH DEFENSE**

Plaintiff's injuries were the result of an intervening or superseding cause or the acts or omissions of third parties over which Allied had no responsibility or control and for which Allied may not be held liable.

**SEVENTEENTH DEFENSE**

Plaintiff cannot satisfy the elements of his outrage and invasion of privacy claims.

**EIGHTEENTH DEFENSE**

Allied pleads the defense of lack of causal relation between its conduct and the damages alleged.

**NINETEENTH DEFENSE**

Allied pleads spoliation of evidence.

**TWENTIETH DEFENSE**

Allied's actions were justifiable and reasonable.

**TWENTY-FIRST DEFENSE**

To the extent not listed above, Allied hereby incorporates all affirmative defenses set out in Fed. R. Civ. P. 8(c) as if set forth fully herein.

**TWENTY-SECOND DEFENSE**

Allied affirmatively invokes and asserts all defenses created by and under the Fair Debt Collection Practices Act, including: Plaintiff's claim is barred by the bona fide error defense; and Allied's conduct was in good faith and in conformity with a formal opinion of the Federal Trade Commission.

**TWENTY-THIRD DEFENSE**

Plaintiff's claims against Allied are barred, in whole or in part, by the doctrine of

contributory negligence.

## TWENTY-FOURTH DEFENSE

Allied denies that it is guilty of any conduct which would entitle Plaintiff to recover punitive damages.

## TWENTY-FIFTH DEFENSE

Plaintiff's first amended complaint fails to state any claim for which punitive damages may be awarded.

## TWENTY-SIXTH DEFENSE

Allied avers that an award of punitive damages in this case would serve no purpose for which punitive damages can be awarded in Alabama.

## TWENTY-SEVENTH DEFENSE

Plaintiff is not entitled to recover punitive damages pursuant to *ALA. CODE* § 6-11-20.

## TWENTY-EIGHTH DEFENSE

Plaintiff cannot recover punitive damages against Allied because such an award, which is penal in nature, would violate Allied's constitutional rights protected under the United States and Alabama Constitutions unless Allied is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination and a requirement of proof beyond a reasonable doubt.

## TWENTY-NINTH DEFENSE

The imposition of punitive damages in this case without any limitations or guidelines for the jury will violate Allied's right to due process guaranteed by the Fourteenth Amendment to the Constitution of the United States and Article I, Section 6, of the Alabama Constitution.

### THIRTIETH DEFENSE

Plaintiff's claim for punitive damages is barred to the extent that it seeks the admission into evidence of Allied's net worth in determining whether punitive damages are to be awarded and/or in what amount they are to be awarded because punitive damages are a form of punishment that is grounded in a defendant's status rather than in specific misconduct, and thus has the effect of treating classes of citizens unequally in violation of the Equal Protection Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § § 1, 6, 13, and 22 of the Alabama Constitution.

### THIRTY-FIRST DEFENSE

The claims of plaintiff for punitive damages against Allied cannot be upheld, because any award of punitive damages under Alabama law without bifurcating the trial of all punitive damages would violate Allied's due process rights guaranteed by the United States Constitution and the Alabama Constitution.

### THIRTY-SECOND DEFENSE

Punitive damages are a form of criminal or quasi-criminal sanctions.  Therefore, the claims of plaintiff for punitive damages cannot be upheld, because an award of punitive damages without the same protections that are afforded to a criminal defendant, including, but not limited to, protection against searches and seizures, double jeopardy and self-incrimination and the rights to confront adverse witnesses, to proof by evidence beyond a reasonable doubt, and to a speedy trial would violate Allied's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article 1, § § 1, 5, 6, 7, 9, 11, 13 and 22 of the Alabama Constitution.  These rights will be violated unless Allied is afforded the safeguards guaranteed by these provisions, including, but not limited to, the right to separate trials if requested by it for

the determination of liability for compensatory and punitive damages, as well as for the determination of the amount of punitive damages, if any.

### THIRTY-THIRD DEFENSE

The claims of plaintiff for punitive damages against Allied cannot be upheld, because an award of punitive damages under Alabama law for the purpose of compensating Plaintiff for elements of damage not otherwise recognized by Alabama law would violate Allied's due process rights guaranteed by the United States Constitution and by the due process provisions of the Alabama Constitution.

### THIRTY-FOURTH DEFENSE

Punitive damages cannot be upheld to the extent they violate or contravene the holding of the United States Supreme Court in the cases of *BMW v. Gore,* 517 U.S. 559 (1996), *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001) and *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### THIRTY-FIFTH DEFENSE

Any claim for punitive damages against Allied cannot be sustained, because an award of punitive damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, including an amount possibly in excess of the amount authorized by the Alabama Criminal Code for the same or similar conduct, and providing no protection against multiple awards of punitive damages for the same course of conduct, will violate Allied's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by Article I, sections 1, 6, 13, and 22 of the Alabama

Constitution, and would be improper under the common law and public policies of the State of Alabama.

## THIRTY-SIXTH DEFENSE

Allied avers that the public policy of the state of Alabama as set forth in § 6-11-21 Alabama Code (1975) established a maximum limit on punitive damages recoverable (if any) by Plaintiff and that Plaintiff cannot recover more than the limit established by the public policy of this state or the jurisdiction of this Court.

## THIRTY-SEVENTH DEFENSE

Allied denies any acts of omission or commission which give rise to Plaintiff's recovery of punitive damages in this case, but should a jury award punitive damages, in a verdict of more than the amount allowable under Ala. Code § 6-11-21, it is void as the proximate result of § 6-11-21 of the Alabama Code (1975).

## THIRTY-EIGHTH DEFENSE

To the extent not otherwise encompassed by the defenses asserted above, Plaintiff's claims for punitive damages are further barred, in whole or in part, to the extent an award of any such punitive damages would be violative of the United States Constitution or the Alabama Constitution.

## THIRTY-NINTH DEFENSE

Allied reserves the right to assert additional defenses as discovery progresses in this case. To the extent that any of the foregoing allegations in the first amended complaint have not been expressly admitted or denied, they are hereby denied.

Respectfully Submitted,

*/s/ Edward D. Cotter*
Richard C. Keller (KELLR0207)
Edward D. Cotter (COTTE1401)

Attorneys' for Allied Interstate, Inc.

**OF COUNSEL:**
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 16th day of November, 2009:

Wilson F. Green
Attorney for Plaintiff, James J. Jenkins
BATTLE FLEENOR GREEN WINN & CLEMMER LLP
2316 University Blvd, Suite 200
Tuscaloosa, AL  35401
(205) 722-1018
wgreen@bfgwc.com

James D. Smith
Attorney for Chase Receivables
LAW OFFICES OF JAMES D. SMITH LLC
P.O. Box 20283
Tuscaloosa, AL  35402-0283
(205) 759-4004
jsmith@jamessmith.com

John W. Scott
Attorney for United Collection Bureau, Inc.
SCOTT DUKES & GEISLER P.C.
Concord Center
2100 Third Avenue No., Suite 700
Birmingham, AL  35203
(205) 251-2300
jscott@scottdukeslaw.com

*/s/ Edward D. Cotter* _____
OF COUNSEL